IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TYRON D. GILES                                                                                    PLAINTIFF

v.                                            Civil No. 4:17-cv-04094

OFFICER SHOUMAKER, Miller
County Detention Center (MCDC);
OFFICER EDWARDS, MCDC;
SERGEANT C. WADDELL, Maintenance,
MCDC; and CORPORAL HANNING,
Administration, MCDC                                                                          DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tyron D. Giles filed this 42 U.S.C. § 1983 action *pro se* on October 23, 2017. (ECF No. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Before the Court is Plaintiff's Motion for Injunction and/or Temporary Relief. (ECF No. 11). Defendants Shoumaker, Edwards, Waddell and Hanning have filed a Response. (ECF No. 14).

**I. BACKGROUND**

Plaintiff is currently being held in the Miller County Detention Center ("MCDC") awaiting trial on pending criminal charges. Plaintiff's Complaint alleges his constitutional rights were violated while at the MCDC because "I was put in a room with no running water…I was on a 23 and 1 hour lockdown for almost 2 week and was refused my breaks to get water…I was laughed at and disrespected when I said anything about my problem". (ECF No. 1). On November 8, 2017, Plaintiff filed his motion for injunctive relief asking the Court to:

> grant this motion for Injuction and or temporary relief…After going threw my legal work, officer Rogers and Sgt. Griffin found my lawsuit paper on other officers at this unit. I have been discrimatated against, thrown in lock down 23 and 1, and my

1

> food portions have been cut in half to where Im losing weight and not getting my proper diet. My visitation rights have been taken From me without being found guilty of anything and also my communication with my family. They won't give me soap to wash my body and at night Im harrassed with flash lights by one of the officers who I have the lawsuit against, 'Officer Shoumaker.' They have taken my rights because of my lawsuit. Im living in Fear daily. I need this stopped. I cant live like this.

(ECF No. 1). Defendants Shoumaker, Edwards, Waddell, and Hanning filed a Response arguing Plaintiff's motion should be denied because Plaintiff does not specifically state what relief he is seeking in his motion and Plaintiff has not provided any documentation to demonstrate he will suffer irreparable harm. (ECF No. 14). Defendants also submitted several incident and disciplinary reports relating to the MCDC's experience with Plaintiff during his incarceration. (ECF No. 15-1).

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Systems, Inc. v. C. L. Systems, Inc*., 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993). While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer

2

irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976). The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). In addition, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

### III. DISCUSSION

#### A. Plaintiff's request for an injunction and temporary relief is not related to his § 1983 Complaint.

Preliminary relief is granted "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Therefore, the party requesting preliminary relief must "establish a relationship between the injury claimed in the party's motions and the conduct asserted in the complaint." *Id.*

To support his motion for injunctive relief, Plaintiff states since he filed his Complaint he is being served smaller portions of food, being denied recreational time, has received an unreasonable disciplinary, his visitation rights have been taken away, he is not being provided soap to bathe with, and he is being harassed by Defendant Shoumaker at night with a flash light. He also names two MCDC officers – Rogers and Griffie – who are not named defendants in this lawsuit. These allegations are based on new assertions of mistreatment that are different from the claims raised in his Complaint. Consequently, because Plaintiff has not established any relationship between the injury he is claiming in his motion and the allegations in his Complaint his request for injunctive relief should be denied. *See*, *e.g.*, *Devose*, 42 F.3d at 471 (denying a preliminary injunction where a prisoner's retaliation allegation was "entirely different from" the

3

inadequate medical care claims and relief requested in his § 1983 complaint); *Owens v. Severin*, Case No. 08-1418, 2008 WL 4240153 (8th Cir. Sept. 18, 2008) (unpublished opinion) (denying a prisoner's request for a preliminary injunction because the "the relief sought was unrelated to the allegations in his [§ 1983] complaint".)

### B. None of the *Dataphase* factors support injunctive relief in this case.

Even if the basis of his motions were related to the conduct asserted in his Complaint, Plaintiff is not entitled to injunctive relief under *Dataphase*. First, Plaintiff has not provided the Court with any documentation to support the allegations set forth in his motion for injunctive relief. Therefore, it is impossible for the Court to determine, what, if any, likelihood Plaintiff has of prevailing on the merits of these claims. Likewise, Plaintiff has not demonstrated he will suffer any irreparable harm if injunctive relief is denied. Plaintiff is free to file a separate 1983 complaint regarding the claims set forth in his motion for injunctive relief or supplement his Complaint. Without a finding of irreparable injury, a preliminary injunction should not be issued. *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.,* 871 F.2d 734, 738 (8th Cir. 1989) (en banc).

The Court must also balance the harm and injury to Defendants if an injunction is granted and assess whether the issuance of an injunction would be in the public interest. In assessing the public interest, it must be remembered that "federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). Granting injunctive relief at this point based on Plaintiff's unsubstantiated and unverified allegations would amount to direct interference by the Court with the operation and administration of the MCDC which is harmful to Defendants and does not serve any public interest. As noted above, the Court should grant injunctive relief only "with great caution because judicial restraint

is especially called for in dealing with the complex and intractable problems of prison administration." *Goff*, 60 F.3d at 520.

## IV. CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Motion for Injunction and/or Motion for Temporary Relief (ECF No. 11) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of January 2018.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE