IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TYRONE D. GILES                                                                                      PLAINTIFF

v.                                          Civil No. 4:17-cv-04094

OFFICER SHOUMAKER, Miller County
Detention Center ("MCDC"); OFFICER
EDWARDS, MCDC; SERGEANT C.
WADDELL, Maintenance, MCDC; and
CORPORAL HANNING, Administration, MCDC                                          DEFENDANTS

# **ORDER**

Plaintiff Tyrone D. Giles filed this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis* on October 23, 2017. (ECF No. 1). Before the Court is Plaintiff's failure to keep the Court informed of his current address.

Defendants filed their first Motion for Summary Judgment on July 11, 2018. (ECF No. 39). Plaintiff filed a Response on July 30, 2018. (ECF No. 43). On September 6, 2018, the Court granted in part and denied in part Defendants Motion for Summary Judgment and invited Defendants to file a second motion to more fully address Plaintiff's conditions of confinement claim. (ECF No. 44). On September 14, 2018, that order, sent to Plaintiff at his address of record, was returned to the Court as undeliverable marked "RTS Not Here RETURN TO SENDER UNABLE TO FORWARD." (ECF No. 45). On September 25, 2018, Defendants filed a Second Motion for Summary Judgment. (ECF No. 46). The following day the Court entered an order directing Plaintiff to file a response to the motion on or before October 17, 2018. (ECF No. 49). The order was again sent to Plaintiff's address of record. On October 3, 2018, that order was returned to the Court as undeliverable. (ECF No. 50). Plaintiff's last communication with the Court was on July 30, 2018, when he filed his Response to Defendants' first Motion for Summary

Judgment. In addition, more than thirty days has passed since mail sent to Plaintiff's address of record was returned and Plaintiff has failed to inform the Court of his current address.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Plaintiff has failed to keep the Court informed of his current address. Therefore, pursuant Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 25th day of October, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge